# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WALTER ANDREW PLASTER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:19CV00001 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **CAPTAIN JOSH HAYES, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Walter Andrew Plaster, Pro Se Plaintiff.*

Plaintiff Walter Andrew Plaster, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that jail officials have refused to provide him with the diet required by his religious beliefs. He has also filed a motion for preliminary injunctive relief. After review of his submissions, I conclude that this action must be summarily dismissed as moot.

When Plaster filed his Complaint, he was confined at the Southwest Virginia Regional Jail Authority ("SWVRJA") facility located in Duffield, Virginia. He contended that jail officials had refused to accommodate his requests to receive "common affair" or "common fair" meals[1] in keeping with his Asatru religious beliefs. Compl. 2, ECF No. 1; Mot. Prelim. Inj. Attach. 1, Pl.'s Decl. 4, ECF No.

---

[1] He clearly means the Common Fare diet, which is designed by prison authorities to meet the religious dietary needs of various faiths. *See Braxton v. Dir. of Health Servs.,* No. 1:17CV340(TSE/IDD), 2018 WL 6072003, at *3 n.3 (E.D. Va. Nov. 19, 2018).

4-1. His Complaint named two administrators at the Duffield jail as defendants, asking the court to order them to provide the Common Fare diet, *or* to pay him $110 per day if he continued to be housed at the jail past February 14, 2019, *or* to transfer him to a different facility where he could receive the Common Fare diet. Compl. 2, ECF No. 1. In a letter dated February 12, 2019, Plaster notified the court that he had been transferred to another SWVRJA facility in Meadowview, Virginia.

"[I]f an event occurs while a case is pending . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the [case] must be dismissed," because federal courts have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks and citations omitted). It is well established that a prisoner's transfer or release from a particular jail moots his claims for injunctive and declaratory relief with respect to his incarceration there. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that inmate's transfer rendered moot his claims for injunctive and declaratory relief).

Plaster has been transferred away from the jail in Duffield. Therefore, the only defendants he has named no longer have authority to provide him with the

religious diet he desires. For this reason, Plaster's claims for injunctive relief against these defendants (to give him Common Fare meals or transfer him) are now moot and must be dismissed. His motion seeking preliminary injunctive relief is also moot, for the same reasons. Furthermore, it is clear from the record that Plaster was transferred away from the jail before his self-imposed deadline when monetary damages would begin accruing. Thus, I cannot find that he has stated any claim for damages against the defendants in this case and will dismiss those claims as well.[2]

A separate Final Order will be entered herewith.

DATED: February 19, 2019

/s/ *James P. Jones*
United States District Judge

---

[2] In any event, Plaster has not stated a § 1983 claim that jail officials violated his constitutional rights because he failed to show that he could not find religiously acceptable food items from the selection already offered. *See Ephraim v. Angelone*, 313 F. Supp. 2d 569, 579 (E.D. Va.), *aff'd*, 68 F. App'x 460 (4th Cir. 2003) (unpublished) (holding that there is no constitutional requirement for prison to offer special diet for individual inmate if he can self-select acceptable food items from meal choices already provided); *Abernathy v. Cunningham*, 393 F.2d 775, 778 (4th Cir. 1968) (finding that if an inmate's religious diet can be accommodated through choices offered on the regular serving line, special diet need not be provided).

Dismissal of this case without prejudice leaves Plaster free to file a new and separate case about his religious dietary needs against jail officials at his current facility if circumstances there violate his constitutional rights. Before filing a lawsuit on that subject, however, he must first exhaust available administrative remedies at that jail as required by 42 U.S.C. § 1997e(a).